## Case No. 14,062.

### In re TITUS.

[8 Ben. 411; [1] 8 Chi. Leg. News, 284.]

District Court, E. D. New York. April 11, 1876.

HABEAS CORPUS—JURISDICTION—EXTRADITION BETWEEN STATES—AGENT—MALICIOUS PROSECUTION.

1. T. was commissioned by the governor of the state of Arkansas to present to the governor of the state of New York a requisition for the surrender of a fugitive from justice from Arkansas, named McD., which was based on an indictment found against McD. by the grand jury of Ashley county, Arkansas. T. presented the requisition and the authenticated indictment to the governor of New York, who issued to the sheriff of the county of Kings a mandate for the arrest of McD. and his delivery to T. as the agent of the state of Arkansas. The sheriff arrested McD. in pursuance of the mandate, but before he was delivered to T. he was released from the custody of the sheriff upon habeas corpus issued by a justice of the supreme court of the state. McD. thereupon commenced a suit against T. for malicious prosecution; and obtained from the supreme court of the state an order for the arrest of T. Being held in custody under such order of arrest, T. presented a petition to this court for a habeas corpus, setting forth the facts and claiming his discharge on the ground that he was held in custody by reason of acts committed by him in pursuance of the laws of the United States and which were justified by those laws. Held, that the only acts charged upon T. were acts done by him as the agent appointed by the executive of the state of Arkansas, which acts were those prescribed by the act of congress of 1793 [1 Stat. 302], now section 5278 of the Revised Statutes of the United States.

2. This court therefore had jurisdiction, under section 753 of the Revised Statutes, to grant the writ of habeas corpus for the purpose of inquiring into the cause of his restraint.

3. The governors of the states and their agents, in reference to the extradition of fugitives from the justice of a state, are compelled to rely upon the statutes of the United States for authority to do the acts required thereby, and the statutes of the United States, when complied with, afford them justification.

4. The petitioner was therefore entitled to the writ of habeas corpus.

5. T., who was simply the messenger of the state of Arkansas, was not bound to look into the indictment on which the requisition was founded, and determine at his peril whether it charged a crime within the meaning of the laws of the United States.

6. The arrest of McD. was by order of the governor of the state of New York; and that whatever T. had done, in presenting the requisition to the governor, was only a ministerial act, for which he was justified by the direction of the governor and therefore he incurred no personal liability.

7. The allegation of malice against T. did not change the case, so long as the acts done were within the scope of the authority conferred upon him and justified by the laws of the United States.

At law.

John J. Allen and Chas. A. Ray, for petitioner.

Sullivan, Kobbe & Fowler, in opposition.

BENEDICT, District Judge. The petitioner, H. B. Titus, presents his petition for a writ of habeas corpus, directed to the sheriff of the county of Kings, to the end that he may be discharged from the custody of such sheriff. The facts upon which the petitioner bases his demand for a discharge are as follows:

On the 7th day of November the governor of the state of Arkansas commissioned the petitioner to present to the governor of the state of New York the requisition of the governor of Arkansas for the surrender of a fugitive from justice from the state of Arkansas, named Augustine R. McDonald, together with a duly authenticated copy of an indictment found against the said McDonald by the grand jury of Ashley county, Arkansas. In pursuance of his commission and the instructions of the governor of the state of Arkansas, the petitioner, as such agent, presented said requisition, together with said authenticated indictment, to the governor of the state of New York, who, thereupon, issued to the sheriff of the county of Kings his mandate directing the arrest of McDonald, and his delivery to the petitioner, the agent of the state of Arkansas duly commissioned and authorized to receive said fugitive, in accordance with the laws of the United States in such case made and provided. The sheriff of Kings county on receipt of the mandate of the governor arrested McDonald for the purpose of delivering him to the petitioner in accordance with the terms of the mandate; but before such delivery was made the fugitive was released from the custody of the sheriff upon habeas corpus issued by a justice of the supreme court of the state of New York. After being so released McDonald brought an action for malicious prosecution against the petitioner, and obtained from the supreme court of the state an order for his arrest, in pursuance whereof he is now held in custody by the sheriff of Kings county. Being so detained

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

in custody, he presents his petition to this court, setting forth the above facts, and claims his discharge at the hands of this court, upon the ground that he is detained in custody by reason of acts, committed by him in pursuance of the laws of the United States, and which are justified by such laws.

Notice of the application having been given to the attorneys for McDonald, at whose suit the petitioner is imprisoned they have appeared, and, in opposition to the petition, deny the jurisdiction of this court to issue the writ of habeas corpus, upon the ground that the acts of the petitioner, which were the foundation of the action against him, are not acts done in pursuance of any law of the United States, and the further ground that the indictment, presented to the governor of the state of New York and upon which he issued his mandate to the sheriff, does not charge any crime of which the grand jury of Ashley county, Arkansas, could take cognizance; whence it is concluded that all the proceedings towards the surrender of McDonald were void, and afford no justification for the petitioner and no foundation for the interposition of this court.

By the constitution of the United States the whole subject of interstate extradition is remitted to the cognizance of the general government. This jurisdiction of the government of the United States is exclusive. Prigg v. Pennsylvania, 16 Pet. [41 U. S.] 622. The act of 1793, now section 5278 of the Revised Statutes of the United States, provides the method by which such extradition is to be accomplished. That statute authorizes the executive authority of any state from which a fugitive from justice may have fled, to demand his return of the executive authority of the state to which such person has fled, upon producing to such executive a copy of an indictment found, or an affidavit made before a magistrate of the state, charging the person demanded with having committed treason, felony or other crime, such indictment or affidavit to be certified as authentic by the governor or chief magistrate of the state from which the person so charged has fled. Upon receipt of the requisition and certified indictment, the executive authority of the state, to which such person has fled, is authorized to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making the demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear.

The petition and accompanying documents disclose plainly that the only acts charged upon the petitioner, and because of which he is arrested, are acts performed by him as the agent appointed by the executive of the state of Arkansas in pursuance of the commission issued to him by such govern-

or, which acts are those prescribed by the act of 1793 as above stated.

The case of the petitioner, therefore, is that of a ministerial officer acting within the scope of an authority conferred upon him by the governor of a state, by virtue of the provisions of the act of 1793, who, being held in custody by reason of such acts, applies for his discharge from such custody by virtue of the provisions of law found in chapter 13, tit. 13, of the United States Revised Statutes.

Those provisions of law make it the duty of the judges of the courts of the United States within their respective jurisdictions to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty, where a prisoner is in custody for an act done or omitted in pursuance of a law of the United States. Rev. St. U. S. § 753. The question therefore is, whether the petitioner is in custody for acts intended to be covered by section 753 of the Revised Statutes of the United States.

It is contended, in opposition to the petition, that acts performed in and about the surrender of fugitives from justice are not acts done in pursuance of the laws of the United States, but are the acts of a governor of a state done in discharge of his duty, to the state and not otherwise. Reliance is placed upon the case of Kentucky v. Dennison, 24 How. [65 U. S.] 66, for this position. But I do not find the position to be supported by the authority referred to, nor do I consider it tenable on principle. The case of Kentucky v. Dennison [supra] simply decides that the supreme court of the United States has no power to issue a mandamus to compel the governor of a state to cause the surrender of a fugitive when demanded by the executive of the state from which he has fled. The question here raised could not arise in that case, for the reason that in that case the governor of Ohio refused to act at all. Here the governors respectively have acted, and the acts performed are those required by the laws of the United States to be performed.

It seems clear that the authority exercised is an authority conferred by the laws of the United States and by no other laws. The supreme court of the United States in Prigg v. Pennsylvania [supra], when speaking of the act of 1793, say: "As to the authority so conferred upon state magistrates, while a difference of opinion has existed and may exist still on the point in different states, whether state magistrates are bound to act under it, none is entertained by this court that state magistrates may, if they choose, exercise that authority unless prohibited by state legislation." So in Kentucky v. Dennison, where it was argued that the act of 1793 must be held to speak only to state authorities, and to leave its execution wholly to the authorities of the states themselves, and therefore to be void, the su-

preme court, maintaining the validity of the act, declares that the act makes it the duty of the state executive to cause a fugitive from justice to be delivered up, and that "as the duty of the governor of the state where the fugitive was found is in such case merely ministerial, without the right to exercise either executive or judicial discretion, he could not lawfully issue a warrant to arrest an individual without a law of the state or congress to authorize it."

There are no laws of the state to authorize the acts specified in the act of congress. The governors and their agents are compelled, therefore, to rely upon the statute of the United States, for authority to do the acts required thereby, and the statute of the United States affords them justification.

It seems impossible, therefore, to hold that when they so act they act otherwise than in pursuance of a law of the United States. In so acting they but discharge an absolute obligation created by a law of the United States which they are bound to perform, and for which there is no other law, and their acts are none the less acts done in pursuance of a law of the United States, because, as decided in Kentucky v. Dennison, there is no power in the general government to use coercive measures to compel performance.

This view of the scope of section 753 appears to be in harmony with the object of the statute, which plainly is intended to afford to all persons arrested for acts done in discharge of obligations to the United States and arising under the constitution and laws thereof, a summary method of obtaining release from unjust imprisonment. Certainly those are entitled to such protection and are clearly within the spirit of the act, who in conformity with a law of the United States, exercise that portion of the delicate and important power in respect to fugitives from justice granted by the constitution to the national government, which has been called into operation by the act of 1793—a power of necessity belonging to the national government, but which operates largely, if not exclusively, in the interest of harmony between the states.

Entertaining these views, which find support in the Case of Smith [Case No. 12,-968], I am bound to hold that the petitioner is entitled to require of this court a writ of habeas corpus, to the end that an inquiry be had into the causes of the restraint of his liberty.

A further question presented by the petition has been discussed upon this motion and may here be decided. It arises out of the matter charged in the indictment, which accompanied the requisition of the governor of Arkansas and disclosed the judicial proceeding in Arkansas upon which the surrender of the fugitive was demanded.

The contention upon the indictment is, that it is an indictment found by the grand jury of Ashley county, Arkansas, and under-takes to charge McDonald with a crime not cognizable by any court of the state of Arkansas, the charge being subornation of perjury, committed within such state, in procuring one Martin to commit wilful perjury within said state before a United States commissioner, in a deposition taken by such commissioner to be used in an action then pending between said McDonald and the United States. This indictment, it is said, is void, because it charges no crime within the jurisdiction of a grand jury of the state of Arkansas, and renders all the proceedings taken in regard to the surrender of the fugitive, void—whence it is concluded that the acts performed by the petitioner cannot be held to be acts done in pursuance of a law of the United States.

But I cannot accede to this view. If it be true that it is competent for this court to look into the indictment transmitted by the governor of Arkansas and authenticated by him, and if this court can be called upon to determine whether a crime has been charged therein in the manner required by the laws of the state of Arkansas, and whether, as matter of law, subornation of perjury committed within the state of Arkansas can by the laws of the state of Arkansas be made an offence against the laws of that state, when the perjury is committed before a United States commissioner in a deposition taken to be used in a court of the United States, still it cannot be that the petitioner, who is simply a messenger of the governor of the state of Arkansas, and who is not alleged to have done otherwise than is required by his commission, was bound to look into the indictment, and required at his peril to determine whether it charged a crime within the meaning of the laws of the United States. The petitioner did not arrest the fugitive nor demand his arrest. The arrest was made by direction of the governor of the state of New York, upon the demand of the governor of Arkansas. And if there can be said to have been anything done by the petitioner in respect to the arrest of the fugitive, which could render him liable in an action for malicious prosecution, his acts are plainly ministerial and he is justified therefor by the directions of the governor.

The jurisdiction of the executive of the state over the subject matter is clear, and the petitioner has done no more than is prescribed to be done by the laws of the United States, acting under the directions of the executive, who, by the same law, was authorized to give such direction. No personal liability was therefore incurred.

Nor is the case changed by the allegation that the motives actuating the petitioner were malicious. So long as the acts done were within the scope of the authority conferred upon him and justified by the laws of the United States, it matters not what feelings the petitioner entertained towards the

fugitive, nor what result he hoped would follow from the action taken by the governor of the state. My determination therefore is, that the petitioner is entitled to his writ of habeas corpus as prayed for.