**TAYLOR et al. v. SLAUGHTER.**

No. 22662. March 19, 1935.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

O. H. Searcy, J. B. Underwood, and Utterback & Stinson, for defendant in error.

BAYLESS, J. Claude Slaughter, defendant in error herein, but who was plaintiff in the trial court, instituted an action in the district court of Bryan county, Okla., against Ruel Taylor, as sheriff of said county, and the Federal Surety Company, a corporation, as the surety upon said sheriff's official bond, as defendants, but said defendants are plaintiffs in error herein. The purpose of the action was to recover damages alleged to have been suffered by the plaintiff as the result of injuries inflicted upon him by other prisoners in jail, under the guise of a "kangaroo court," while he was held by said sheriff in the county jail of Bryan county, Okla. The plaintiff recovered judgment against the defendants for the sum of $2,500 by the consideration of the jury, and the defendants appealed.

The facts in this case are simple and are practically agreed upon. Plaintiff was arrested by a police officer of the city of Durant, Okla., on a charge of being drunk

in violation of an ordinance of said city, and was delivered by said city police officer to the county jail of said county, and was there incarcerated to await his trial in the city police court upon said charge. The sheriff above named, through his jailer, was in charge of said county jail. While the plaintiff was incarcerated he was injured by the other prisoners in an effort by them to enforce a penalty assessed by their "kangaroo court." The sheriff knew of this court and of its activities, but made no effort to abolish it or control it. In fact, there was introduced in evidence an order signed by the sheriff and placed in said jail which, in effect, authorized the practices of said "kangaroo court."

The defendants make several assignments of error, but argue them under one proposition, to wit:

"Ruel Taylor, sheriff of Bryan county, Okla., in receiving and retaining custody of plaintiff, was not performing a duty imposed by law, nor did he omit the performance of any such duty, but, on the other hand, committed an act wholly unauthorized by law, and, therefore, the surety on his official bond was not liable for the commission of such act."

Authorities are cited by each side to support the respective contentions. There is a conflict in the decisions of the cases cited. The cases cited by the plaintiff all involve sheriffs and their bondsmen. Not all of those cited by the defendant do so, but some of them involve other public officers, the very nature and extent of whose duties make their legal status wholly dissimilar to that of peace officers. This dissimilarity is not the only or controlling factor, but, in our opinion, when authorities upon the same question and same offices are available, they should furnish the rule to be applied in this case. It only results in confusion to attempt to judge a sheriff's and a sheriff bondsmen's liability by the rule applicable to some other type of public officer.

The line of demarcation, in the case of peace officers, between liability and nonliability of sureties is laid between acts virtuti officii and acts colore officii. In 24 R. C. L. 965, it is said:

"The test should be: Would he have acted in the particular instance if he were not clothed with his official character, or would he have so acted if he were not an officer? If he assumed to act as an officer—whether under valid or void process, or under no process whatever—the bondsmen should be held, as he is held, for they are the spon-sors of his integrity as an officer while acting as such."

The argument is made by defendants herein that the acts of the sheriff (through his jailer) in receiving and detaining a city prisoner pending his trial on the charge of violating a city ordinance were not done virtuti officii—in other words, that it was not an official duty of the sheriff to receive such class of prisoners. They urge that the only legal authority for a county jailer (the sheriff) to receive city prisoners is to be found in section 8369, C. O. S. 1921 (sec. 3165, O. S. 1931), and such prisoners must be ones "* * * who have been sentenced to imprisonment in any such city or town jail, either as punishment or in lieu of payment of fine and costs for the violation of any city or town ordinance. * * *"

The plaintiff not having been tried for any offense against the city, but merely being held for trial, the said sheriff had no duty or authority to receive him, under the construction placed upon this statute by the defendants. They cite many authorities upon the nature and extent of sheriffs' duties (but none having similar facts), and as to the strict construction of the surety's liability on sheriffs' bonds. The defendants admit the correctness of the decision in the case of Hixon et al. v. Cupp, 5 Okla. 545, 49 P. 927, because, as they say, there was legal incarceration of the prisoner in that case.

We are, therefore, brought to the point where the vital question in this case is the legality of the incarceration of the plaintiff in the county jail of Bryan county. No contention is made that he was falsely accused or improperly arrested or arrested without cause. The sole contention is that the sheriff had no right to receive him as a prisoner from the city and detain him pending a trial by the city.

Section 5898, C. O. S. 1921 (sec. 7632, O. S. 1931), reads:

"The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."

The measure of the sheriff's duty under this statute was stated by this court in the case of Steinicke v. Harr, Sheriff, et al., 112 Okla. 284, 240 P. 66, when we said:

"In view of * * * the statute upon which the same is * * * based it is manifest that the imprisonment in the jail (the stat-

ute providing that the sheriff shall have complete and full control of the jail) imposes upon the sheriff the duty of seeing that no one is imprisoned therein without a proper commitment, or where a commitment by a magistrate is unobtainable, that such imprisonment must be by an officer while in the lawful discharge of his duty. * * *"

We are, therefore, of the opinion that when the police officer of the city of Durant, Okla., brought plaintiff, who had been arrested by him in the discharge of his duties as such officer, to the county jail of Bryan county, and requested said sheriff to admit and detain plaintiff as a prisoner of the city of Durant pending the plaintiff's trial by said city on the charge of having violated one of its ordinances, and the said sheriff having received him in custody, it then became the duty of the sheriff to use reasonable care in protecting plaintiff from any unlawful assault. See Hixon v. Cupp, supra; Meek v. Tilghman et al., 55 Okla. 208, 154 P. 1190; and Hunt et al. v. Rowton, 143 Okla. 181, 288 P. 342.

The judgment of the trial court is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.