BOSTON et al. v. CAUSEY.

No. 34851.    April 1, 1952.

*242 P. 2d 712.*

W. R. Wallace, Jr., Savage, Gibson, Benefield & Hart, and Wayne B. Snow, Oklahoma City, for plaintiffs in error.

Butler, Rinehart & Morrison, Oklahoma City, and Donald Royse, Elk City, for defendant in error.

GIBSON, J.   Juanita M. Causey, administratrix of the estate of Roy Brashear, deceased, brought an action against Isabelle Boston, administratrix of the estate of Ray Boston, deceased, and Nick Fudoli in damages for wrongful death.   A trial to a jury resulted in a verdict for $4,500.   Judgment was entered thereon, and defendants appeal.

The evidence discloses that Nick Fudoli is a resident of Illinois and that during his lifetime Ray Boston was also a resident of Hillsboro, Illinois, and at the time of his death was sheriff of Montgomery county, Illinois. July 23, 1947, Roy Brashear was riding as a passenger in an automobile belonging to Ray Boston and operated by Nick Fudoli when it collided with a truck on Highway 66 near Sayre, Oklahoma, in Beckham county. Roy Brashear and Ray Boston were killed in the collision and Nick Fudoli was injured so that he was hospitalized.

There is no question raised as to the sufficiency of the evidence to establish negligence nor is any objection made to the instructions given by the court.

In five propositions presented in the brief, some of which are broken down into separate paragraphs, defendants first argue that Ray Boston and Nick Fudoli were on a mission for the State of Illinois and were acting under extradition proceedings and as such were agents of the State of Illinois and exempt from liability growing out of the negligent acts causing the death of the sheriff and the passenger, Roy Brashear.   We shall therefore review only the evidence of Nick Fudoli which is the only evidence of the reason Ray Boston and Nick Fudoli went to Douglas, Arizona, and were returning with Roy Brashear when the accident happened.

Nick Fudoli testified that he was thirty years of age and a roofer by trade; that he was sometimes employed as a waiter in his mother's cafe in Hillsboro, Illinois; that Boston came to the cafe on July 21, 1947, and Fudoli went with Boston to Douglas, Arizona; that he went for the purpose of returning Roy Brashear, charged with embezzlement while city clerk at Litchfield, Illinois.   They arrived at Douglas,

Arizona, at 7:30 p.m., July 22, 1947, and Nick Fudoli and Ray Boston and Roy Brashear left there at approximately 4 a.m., July 23, 1947; that Brashear signed the following instrument:

"Office of
Sheriff of Montgomery County
Hillsboro, Illinois

"Ray Boston
"Farmersville, Illinois
"Sheriff.

"I, Roy Brashear, Hereby certify that I freely and voluntarily agree to accompany any officer as a prisoner, from Douglas, County of Cochise, State of Arizona, to Illinois, for the purpose of answering to the charge of embezzlement, there pending against me. Furthermore, I hereby waive all formality and am willing to return to Illinois, with the said officers, without the Governor's requisition or other papers legally necessary in such cases; and I exonerate Percy Borden, Chief of Police of Douglas, State of Arizona, from any blame compulsion or interference in this connection.

"Signed/ss/Roy Brashear

"I certify that this was signed in my presence, and that this agreement has been made without compulsion by the authorities here, and upon the free desire of Roy Brashear.

"Signed/ss/Percy Borden

"Signed/ss/Steve Fudoli"

Nick Fudoli was driving an automobile belonging to Ray Boston, at the request of Boston, at the time that it collided with a cattle truck one mile east of Sayre, Oklahoma, on Highway 66, resulting in the accident as above stated.

Nick Fudoli offered proof to establish that he was orally deputized by Boston. This offer was refused. He then stated that he was taken along as a special deputy sheriff. This was objected to and the objection was sustained. He then stated that he was taken along to help Boston drive down there and back; that his duties were

to help Boston with Brashear and keep watch on Brashear. This was not objected to. The record discloses that Boston was not acting by any written authority of either the Governor of Illinois or the Governor of Arizona. So far as the record shows no extradition proceedings were ever commenced.

We cannot accept the theory of the defendants that Ray Boston was acting as an agent of the State of Illinois when Roy Brashear was killed. 18 U. S. C. A. §3182 provides:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

18 U. S. C. A. §3194 provides:

"Any agent appointed as provided in section 3182 of this title who receives the fugitive into his custody is empowered to transport him to the State or Territory from which he has fled."

It is only when there is a compliance with the Constitution of the United States and the laws of Congress aided by any laws of a state not in conflict therewith that one becomes an agent within the terms and meaning of the extradition laws. Kitchens v. Union County, 198 Miss. 403, 22 So. 2d 356; McLean v. State of Mississippi ex rel., 96 F. 2d 741, 119 A. L. R. 670 (cer-

tiorari denied 59 Sup. Ct. 84); Fitzpatrick v. Williams, 46 F. 2d 40, 73 A. L. R. 1365; In re Titus, Fed. Cas. 14,062, 23 Fed. Cas. 1309, 8 Ben. 411. In re Titus, supra, it is stated:

"There are no laws of the state to authorize the acts specified in the Act of congress. The governors and their agents are compelled, therefore, to rely upon the statute of the United States, for authority to do the acts required thereby, and the statute of the United States affords them justification."

In United States ex rel McCline v. Meyering, Sheriff, 75 F. 2d 716, it is stated:

"Extradition proceedings are not creatures of state law, but are controlled by the Constitution of the United States, article 4, sec. 2, and by sections 5278, 5279, of the Revised Statutes (18 U.S.C.A. §§662, 663), passed thereunder . . ."

Extradition can only be exercised by a government at the request of a government. 22 Am. Jur., Extradition, §12; Fitzpatrick v. Williams, supra.

Before Ray Boston could become an agent under the law relating to extradition it was necessary that the Governor of Illinois make demand under such laws and appoint Ray Boston agent thereunder for the return of Roy Brashear. In the absence of any such agency Ray Boston was acting as a private citizen. McLean v. State of Mississippi ex rel., supra.

Defendants have cited certain cases from Illinois, among them Reiter v. Illinois Nat. Casualty Co., 397 Ill. 141, 73 N. E. 2d 412; Taylor v. City of Berwyn, 372 Ill. 124, 22 N. E. 2d 930. These cases are all based on the assumption that Boston was the agent under the laws of extradition and are therefore not applicable.

Plaintiff has cited a number of cases announcing the rule that a sheriff is liable for injury to a prisoner, and among them are Tuttle v. Short et al., 42 Wyo. 1, 288 P. 524; Manwaring v. Geisler, 191 Ky. 532, 230 S. W. 918, 18 A. L. R. 192; Geros v. Harries, 65 Utah 227, 236 P. 220, 39 A. L. R. 1297; Taylor v. Slaughter, 171 Okla. 152, 42 P. 2d 235. In this field is American Guaranty Co. v. McNiece, 111 Ohio St. 532, 146 N. E. 77, which the defendants admit announces the Illinois rule. Therein it is stated:

"The sureties of a bond of an official, conditioned upon faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office."

We think it is unnecessary to determine the duty of the sheriff to his prisoner. As pointed out above, he was not acting as a sheriff. In McLean v. State of Mississippi, supra, it is stated:

" . . . The State of Mississippi has no power to extend the authority of its sheriffs into another State, and we will not suppose she has made the attempt. Whether hot pursuit can be continued across the State line would appear to be a question of international law, but is not here involved. What is involved is that Roy, having supposedly committed crime in Mississippi, had escaped into Louisiana and was to be taken back to Mississippi. That has been provided for by the Constitution and laws of the United States. The extradition statute, 18 U. S. C. A. secs. 662, 663, gives State sheriffs no duty or function. The Governors of the two States handle the matter, and the prisoner is to be delivered to and returned by specially appointed agent and not by the State sheriff or a United States marshal. . . ."

The liability of Ray Boston must, therefore, be determined upon the ground of negligence. As above stated, that the driver of the car was negligent, is established beyond dispute. The question is not a legal issue herein.

Finally, the defendants argue that there is no proof of agency. With this contention we cannot agree. The evidence of Nick Fudoli is sufficient to establish agency. He was driving the automobile owned by Ray Boston at his request on a mission chosen and de-

signed by Boston. Agency is a question of fact to be established by competent evidence. Kansas City Life Ins. Co. v. Nipper, 174 Okla. 634, 51 P. 2d 741. See, also, Farmers National Grain Corp. v. Young, 187 Okla. 298, 102 P. 2d 180.

The arguments incidental to the above questions have all been considered. For instance, it is argued that because Roy Brashear signed the above set out instrument his estate is estopped to assert there was no extradition. We find nothing in the record which would deprive the estate of Roy Brashear of the right to establish there was no extradition. Other matters urged in connection with the issues above presented are without serious merit.

Judgment affirmed.