[Civ. No. 10698. Second Appellate District, Division Two.—February 24, 1936.]

ANNA LORAH, Appellant, v. EUGENE WARREN BIS-CAILUZ et al., Respondents.

Franklin B. MacCarthy for Appellant.

Geo. J. Tapper, Francis E. Meenan, Bernard E. Hill and Arnold F. Wrensch, as *Amici Curiae* on Behalf of Appellant.

Everett W. Mattoon, County Counsel, S. V. O. Prichard and J. F. Moroney, Deputies County Counsel, and James H. Sims for Respondents.

GOULD, J., *pro tem.*—Plaintiff, alleging physical injury and false imprisonment when she was arrested upon a felony charge, brought suit for damages against the arresting officer, who was a deputy sheriff of Los Angeles County, and against

the sheriff of said county and the latter's official bondsmen.
A general demurrer on behalf of the sheriff and his bonds-
men was sustained without leave to amend, and from the re-
sulting judgment plaintiff appeals.

 While the general rule is that a sheriff is liable for the
torts of his deputies committed in the performance of the lat-
ters' official acts or acts *colore officii* (*Abbott* v. *Cooper*, 218
Cal. 425 [23 Pac. (2d) 1027] ; *Foley* v. *Martin*, 142 Cal. 256 [71
Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123] ), upon the theory
that the deputy, appointed by and answerable to the sheriff,
is his representative, this rule has been held inapplicable in
the case of a chief of police whose appointees are selected
from a restricted list, who are under civil service regulations
and who are in general governed by the provisions of a city
charter. (*Michel* v. *Smith*, 188 Cal. 199 [205 Pac. 113].) It
is difficult to find points of vital dissimilarity between the
case of the chief of police and police officers working under a
city charter in *Michel* v. *Smith*, *supra*, and the case of the
sheriff and deputy sheriff under the county charter and civil
service regulations in the instant case. There it is held, cor-
rectly we believe, that the head of the department of law en-
forcement is not responsible for the acts of his subordinates
"unless he has directed such acts to be done, or has personally
cooperated in the offense". The same rule applied here would
relieve the sheriff of liability in this case.

 The sheriff not being liable personally, his sureties are
likewise not answerable; not even in the case of defendant
National Surety Company, whose bond by its express terms
covers the acts of the sheriff's deputies. The right of
third persons to sue on such bonds is granted by section 961
of the Political Code for "the wrongful act or default of such
officer in his official capacity". This right to sue on such a
bond is derived from express statutory authority alone, and
the section granting the right does not provide for suit for
acts or defaults of deputies. Plaintiff, therefore, a stranger
to the bond, may not maintain suit thereon. (*Sunter* v.
*Fraser*, 194 Cal. 337 [228 Pac. 660].) Furthermore, inas-
much as the sheriff is not in this case liable as a matter of law
for the torts of his deputies, a bond in which the surety has
agreed to assume such liability must be held to have been exe-

cuted as to such provision without consideration, and the provisions of the bond with relation thereto are mere surplusage.

Judgment affirmed.

Crail, P. J., concurred.

Wood, J., dissented.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1936.