HAMILTON v. SALT LAKE CITY.

No. 6215.  Decided November 1, 1940.  (106 P. 2d 1028.)

*Courtney R. Draper*, of Salt Lake City, for appellant.

*Fisher Harris, E. R. Christensen, Gerald Irvine*, and *Marion G. Romney*, all of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

This is an action in damages for personal injuries received by Mrs. M. E. Hamilton, plaintiff and appellant, while walking upon the streets of Salt Lake City, Utah, a municipal corporation, defendant and respondent.

On March 23, 1938, Mrs. Hamilton was walking westward along Second South Street in Salt Lake City at 9:30 A. M. While so proceeding, Mrs. Hamilton "stepped and fell into," "immediately west of No. 114 East 2nd South," a "hole or cavity," and "by means thereof was thrown to and upon the pavement with great force and violence" and was thereby injured.

On the 19th of April, 1938, the following letter was presented by Mrs. Hamilton to the City Commission:

"Salt Lake City, Utah
"April 13, 1938.

"Honorable Board of City Commissioners
  "City and County Building
  "Salt Lake City, Utah

"Gentlemen:

"On March 23rd at 9:30 AM while walking just West of 114 East 2nd South, through a defect in the sidewalk at that location I was injured by falling and having certain bones fractured near my ankle to such an extent that I have had to have same in a cast, and move about on crutches since said injury. In view of the fact, that since said date I have been confined at my residence and have suffered extreme pain I feel that I should be compensated for such injury to the extent of not less than $500.

. "Respectfully submitted for your immediate consideration,

"_____"

The letter was designated by the City Commission "Petition No. 292, 1938" and referred to the Department of Public Affairs and Finance of Salt Lake City. No compensation was granted Mrs. Hamilton and this action was instituted on March 17, 1939.

The pertinent paragraph of the complaint reads:

"VII. That pursuant to Section 15-7-76, Revised Statutes of Utah, 1933, and within 30 days after the happening of said injury to the plaintiff on, to wit, the 13th day of April, 1938, plaintiff presented to the Board of City Commissioners of said defendant her claim for damages in the sum of $500.00, and that said Board of City Commissioners did not, within 90 days thereafter audit and allow the same."

Section 15-7-76, Revised Statutes of Utah, 1933, provides:

"Every claim against a city or incorporated town for damages or injury, alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge of such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk sidewalk, culvert or bridge, shall within thirty days after the happening of such injury or damage be presented to the board of commissioners or city council of such city, or board of trustees of such town, in writing, signed by the claimant or by some person authorized to sign the same, and *properly verified,* stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the injury or damages, and stating, if known to claimant, the name of the person, firm or corporation, who created brought about or maintained the defect, obstruction or condition causing such accident or injury, and the nature and probable extent of such injury, and the amount of damages claimed on account of the same; such notice shall be sufficient in the particulars above specified to enable the officers of such city or town to find the place and cause of such injury from the description thereof given in the notice itself without extraneous inquiry, *and no action shall be maintained against any city or town for damages or injury to person or property, unless it appears that the claim for which the action was brought was presented as aforesaid,* and that such governing body did not within

ninety days thereafter audit and allow the same. Every claim, other than claims above mentioned, against any city or town must be presented, properly itemized or described and verified as to correctness by the claimant or his agent, to the governing body within one year after the last item of such account or claim accrued, and if such account or claim is not properly or sufficiently itemized or described or verified, the governing body may require the same to be made more specific as to itemization or description, or to be corrected as to the verification thereof." (Italics added.)

Section 15-7-77, R. S. U. 1933, provides:

*"It shall be a sufficient bar and answer to any action or proceeding against a city or town in any court for the collection of any claim mentioned in section 15-7-76, that such claim had not been presented* to the governing body of such city or town *in the manner* and within the time *specified in section 15-7-76;* provided, that in case an account or claim, other than a claim made for damages on account of the unsafe, defective, dangerous or obstructed condition of any street, alley, crosswalk, way, sidewalk, culvert or bridge, is required by the governing body to be made more specific as to itemization or description, or to be properly verified, sufficient time shall be allowed the claimant to comply with such requirement." (Italics added.)

Section 15-7-76 describes two types of claims which may be filed against the city. The first part of the statute has reference to (1) claims caused by defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge of such city or town; and the second part (2) claims other than those above mentioned. The second part of section 15-7-76 is all contained in one sentence and could not be construed to modify the first part of the section. The first part of the statute provides that a claim

"shall within thirty days after the happening of such injury or damage be presented to the board of commissioners or city council * * *, in writing, signed by the claimant or by some person authorized to sign the same, and properly verified * * *."

.The second part provides for practically the same save the claim may be presented within one year and that if such claim

"is not properly or sufficiently itemized or described or verified, the governing body may require the same to be made more specific as to itemization or description, or to be corrected as to the verification thereof."

Section 15-7-77 is a limitation statute for failure to file a claim "in the manner and within the time specified in section 15-7-76." It is a sufficient bar and answer to any action for the collection of any claim under the first part of the statute. Under the second part of the section if the claimant is required by the governing body to be more specific as to itemization or description, or if the claim is not properly verified, sufficient time shall be allowed to comply with such requirements. No provision is made for the governing body to make such a requirement from a claimant under the first part of the section. See *Husband* v. *Salt Lake City*, 92 Utah 449, 69 P. 2d 491, at page 497.

The right to recover damages is statutory, it can only be availed of when there has been a compliance with the conditions upon which the right is conferred. *Hurley* v. *Town of Bingham*, 63 Utah 589, 228 P. 213. Where a right is purely statutory and is granted upon conditions, one who seeks to enforce the right must by allegation and proof bring himself within the conditions. *Johnson* v. *City of Glendale*, 12 Cal. App. 2d 389, 55 P. 2d 580.

There is no intimation nor claim that the letter hereinbefore set forth was properly verified. Counsel in his brief states:

"However, the most reasonable construction of the statute would seem to require that claimant's oath to the truth of the facts stated be attached to the claim, and since appellant did not make oath of any kind to the claim filed by her she does not contend that the claim contains a verification within the meaning of the statute, as it has been construed."

Counsel for the plaintiff attempted to introduce evidence to show that there was a waiver on the part of the city com-

mission by the acts and words of the employees of the defendant. There is no allegation of waiver or estoppel in the complaint which might be proved by the introduction of such evidence. This he first attempted to bring out at the trial.

The Utah case cited by counsel as being "directly in point," *Holt* v. *Great Eastern Casualty Company,* 53 Utah 543, 173 P. 1168, states inter alia:

"Plaintiff alleges that he gave due notice of the injury to the defendant, and did everything required of him by the terms of the policy to be by him performed, and likewise *alleges waiver of notice* and of noncompliance with the terms of the policy." (Italics added.)

No issue of waiver or estoppel was made in the case at bar. Such evidence is inadmissible as no issue was made.

Counsel contends that "a municipality may waive defects in the claim" and cites the following cases: *Bowman* v. *Ogden City,* 33 Utah 196, 93 P. 561; *Moran* v. *Salt Lake City,* 53 Utah 407, 173 P. 702; *Burton* v. *Salt Lake City,* 69 Utah 186, 253 P. 443, 51 A. L. R. 364; *Husband* v. *Salt Lake City,* supra.

The present statute was not under consideration in the case of *Bowman* v. *Ogden City,* supra. The statute therein considered, Chapter 19, p. 12, Laws of Utah 1903, provided, inter alia:

"If the city council or board of trustees shall refuse to hear or consider a claim because not properly made out, notice thereof shall be given the claimant, and sufficient time allowed him to have the claim properly itemized or verified."

There is a difference between this provision and the provision found in section 15-7-76, R. S. U. 1933. The court in the case of *Bowman* v. *Ogden City, supra* [33 Utah 196, 93 P. 564], construed the act of 1903 as meaning:

"* * * that claims of this character [injuries due to defects in sidewalks] must be presented to the city council in writing, signed by the claimant or his agent, properly verified, and describing the time,

place, cause, and extent of the damage or injury, and if the city council shall refuse to hear or consider a claim because not properly made out, notice thereof must be given the plaintiff and sufficient time allowed him to have the claim properly itemized and verified. The plaintiff's claim was not properly made out as provided by the statute in several particulars, principally because it was not verified, and the extent of his injury or damage not sufficiently described. The city council, however, did not decline to consider it, nor to investigate the the facts, because the claim was not properly made out. On the contrary it treated the claim, and acted upon it, as though it had been in full compliance with the statute. In such case the defects of the claim presented were waived, and were not thereafter available as a defense to the action."

The Bowman case originated from an injury sustained due to a defective sidewalk. The claim was filed and the city made a settlement. After the settlement an additional sum was sought because of injuries not considered in the making of the settlement. The city set up two defenses. One was that the claim was not properly verified and second that there had been a settlement. The court ruled that by the acts of the city they had waived the defense of the defective claim and from the statute the city was under the duty to notify the claimant of the defect and sufficient time allowed him to have the claim properly itemized or verified. This they did not do and the court found there had been a waiver. The additional damages were denied upon the ground that there had been a settlement of the whole case. That was the determining point of the case. The aforementioned statute, the facts and the basis for the determination of the the case distinguish the Bowman case from the one at bar.

The next session of the legislature amended the act construed in the Bowman case, Chapter 5, Laws of Utah 1905, to provide that where "other claims" than those herein considered [other than street, alley, crosswalk, sidewalk, culvert or bridge cases] were presented not properly or sufficiently itemized, or described or verified, the "City Council or Board of Trustees *may require* the same to

be made more specific as to the itemization or description, or to be corrected as to the verification thereof." This shows the intention of the legislature to permit ("may require") the city council to require proper verification in cases in other types of claims than the one at bar. No such discretion was left to the city council to waive or "require" such a verification as is necessary to a claim as herein considered.

The case of *Moran* v. *Salt Lake City*, supra, was distinguished from the Bowman case by the court:

"It will readily be seen that the facts in that case are not at all similar to the facts here." *Moran* v. *Salt Lake City*, supra, at 173 P. 703.

The court determining the case stated:

"That plaintiff's claim for damages falls within the second provision of that paragraph [Section 312, Comp. Laws of Utah, 1907] is not disputed."

The case involved damages to the construction work on a dam caused by the city permitting waters to come down in excessive amounts to the injury of the plaintiff. The court placed the Moran case in the class of cases wherein the city council "may require" the claimant to file a claim "in the manner" prescribed.

In the case of *Burton* v. *Salt Lake City*, supra, the mother of Virginia Burton brought an action against the city for damages sustained by reason of the death of her daughter who lost her life through the negligence of the city while maintaining the bath house at Warm Springs. The facts take the case out of the first provision of the statute relating to streets, sidewalks, etc. The case is distinguishable because the same provisions as to the filing of a claim are not required. The chief question involved was whether or not a governmental function of the city was being exercised.

The case of *Husband* v. *Salt Lake City*, supra, arose when a child was injured by being jostled into a sprinkling truck

on a path in Pioneer Park. The court ruled that [92 Utah 449, 69 P. 2d 498]:

"We are satisfied that the park pathway here involved cannot be considered as a sidewalk or a crosswalk so as to bring into operation the limitation and requirements specified in the first part of that section [Section 15-7-76]."

The case at bar falls within the operation, limitation and the requirements specified in the first part of that section. That is where the right to sue originates in cases of this particular type.

The California District Court of Appeals, Second District, had this to say in a case where injury had occurred upon a sidewalk and where a

"verified claim for damages shall be presented in writing and filed with the clerk  *  *  *" St. Cal. 1931, p. 2475, § 1. "It is the generally accepted rule that a municipality and its officers are without power to waive compliance with the law in such matters. *Chapman* v. *City of Fullerton*, 90 Cal. App. 463, 265 P. 1035; *Spencer* v. *City of Calipatria*, supra [9 Cal. App. 2d 267, 49 P. 2d 320]; *Touhey* v. *City of Decatur*, supra [175 Ind. 98, 93 N. E. 540, 32 L. R. A., N. S., 350]; *Dechant* v. *City of Hays*, 112 Kan. 729, 212 P. 682; *Berry* v. *City of Helena*, 56 Mont. 122, 182 P. 117. The statute does not authorize a waiver nor does it provide any substitute for a written verified claim. The authorities we have cited quite generally hold that actual knowledge on the part of officers of a municipality of the facts required to be stated in the claim does not dispense with the claim itself. In view of our holding that the *city could not be bound by any alleged waiver*, consisting as it would of an extension of time for filing the claim, it is unnecessary to point out the particulars in which the complaint failed to show any authority on the part of defendants Curl and MacIntyre to represent or act for the city except in the mere matter of the investigation of plaintiff's injuries and the cause thereof." (Italics added.) *Johnson* v. *City of Glendale et al.*, supra [12 Cal. App. 2d 389, 55 P. 2d 583].

The above quoted case states in another portion of the opinion:

"The 1931 act requires presentation of a verified claim to the clerk or secretary of the legislative body of the municipality or other gov-

erning board within ninety days after the accident has occurred. It states no exceptions, and we are unable to believe that any were intended. *If there were to be exceptions, they should have been stated in the act itself. It is not for the courts to create them.* It must be presumed that the Legislature would have made disability an excuse for failure to present a claim had it been intended to grant that privilege. There is nothing novel in this class of legislation. Wherever liability of municipalities for negligence is recognized, general laws, charter provisions, or ordinances will be found imposing conditions upon the assertion of claims for damages, and many such are discussed in the books which are far more rigorous than our own statute." (Italics added.)

In the case of *Cooper et al.* v. *Butte County et al.,* 17 Cal. App. 2d 43, 61 P. 2d 516, the California court held that a provision of a statute requiring the filing of a verified claim by any person seeking recovery against the county for injuries sustained as a result of dangerous or defective condition of the public street or highway is not subject to waiver by the county, and the county could not be estopped to set up failure to comply with the statute as a defense in an action against the county for injuries, where the claim was not verified.

The appellant having failed to comply with the statute with respect to the claim submitted to the city, it is not necessary to the decision to consider the other points involved.

The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.