376 P.2d 388

Alice **BENALLY** and Perlinda Benally, by her guardian ad litem, Alice R. Benally, Plaintiffs and Appellants,

v.

**L. G. ROBINSON,** Clifford G. Edmunds and Louis W. Duncan, Defendants and Respondents.

No. 9677.

Supreme Court of Utah.

Nov. 20, 1962.

Glen C. Hanni, Salt Lake City, for appellants.

Mark, Johnson, Schoenhals & Roberts, Jed Shields, Homer Holmgren, City Atty., Jack L. Crellin, Asst. City Atty., Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs appeal from a summary judgment in favor of the defendants Edmunds and Duncan; and from a jury verdict and judgment in favor of defendant Robinson.

Plaintiffs are the wife and daughter of Thomas Dee Benally deceased; the defendants are Salt Lake City Police officers. The action is for the wrongful death of Benally, which resulted from a fall down a flight of stairs in the city jail.

On November 26, 1960, Officer Robinson was patrolling downtown Salt Lake City in the police "paddy wagon." He first observed Benally, a Navajo Indian, on the street about 6:30 p. m. Later in the evening he again saw Benally with blood on his face his coat on upside down, and apparently in a drunken condition so he placed him under arrest. The officer took him in the paddy wagon to the city jail where he helped him out of the car because he felt it unsafe for a man in Benally's condition to get out by himself.

Benally was unruly and Robinson had some difficulty controlling him. At one point on the way into the jail Benally lurched backward knocking Robinson down and falling on top of him. Robinson took Benally to the booking room, where he searched him. The prisoner was, to put it mildly, uncooperative. When Robinson attempted to remove something from his watch pocket he dropped to the floor and grasped Robinson's legs. The latter straddled him and in spite of the prisoner's resistance removed a $10.00 bill from the pocket. In this struggle Benally somehow got loose and went backward several steps, hit against a wire mesh door which is supposed to guard an open stairway, but which was hooked open at the time. This seemed to have pitched Benally sideways and he fell head over heels down the stairs, landing on his back on the cement floor. Robinson and another officer carried him up the stairs and put him in a cell where he remained until the next afternoon when he was taken to

the county hospital. He died three days later from the injuries to his head received in the fall.

Officers Edmunds and Duncan were joined as defendants because they were on duty at the jail. The claim against them is that they were negligent in not keeping the wire door at the top of the stairs closed. We are not persuaded that the trial court erred in granting summary judgment in their favor on the ground that no basis for imposing liability on them was established. Perhaps it is conceivable that under some circumstances they could be held responsible to a person who was injured because the door to the stairway was not closed. But no such situation was made evident here. At the time of this incident they were behind a counter which separated them from the area where Robinson and Benally were. Neither because of the nature of the duties they were performing, nor because of their proximity to the stairway, does it appear that any lack of reasonable care on their part proximately caused the injury to Benally under the particular circumstances shown here. Officer Robinson had him in custody, and more important, he had his hands on him exercising immediate physical control over him. We appraise the situation as in accord with the ruling of the trial court that it was not unreasonable for them to assume that he would continue to do so; and that they were not obliged to foresee that Benally would escape from Robinson's control, get around a corner and fall down this stairway.[1]

The principal point urged on appeal against defendant Robinson is the refusal of the trial court to allow the case to go to the jury on the issue of his negligence. Upon plaintiff's requested instruction: that when an officer takes a person into custody he has a duty to exercise reasonable care for the prisoner's safety, the judge made the notation, "element of negligence omitted," and so modified the instruction as to submit the cause on the basis that Robinson would be liable in connection with his treatment of Benally, only if he was guilty of some conduct which was "wrongful." That term was in turn defined as "the intentional use of some excessive force" upon the deceased. Thus the import of the instructions was that the officer should not be held responsible unless by such intentional use of excessive force he affirmatively mistreated Benally which resulted in his injury.

In justification of this limitation upon the obligation of Officer Robinson to the deceased it is urged that he would not be held responsible because police department regulations do not impose on him any duty to close the door at the top of the stairs.

1. For discussion of proximate cause, see Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287.

The assumption that his duty to the deceased, or to the public, is only coextensive with his duty under police department regulations is fallacious. If it were sound, they could be so designed as to practically insulate officers from accountability for failure to discharge duties they owe the public, which we discuss below.

 It is also argued that it was the deceased's fault in getting himself into what witnesses classified as a "very drunken condition," thus initiating the chain of events which culminated in his tragic death, and that the defendant was not bound to protect him from his own folly. This assertion is not entirely without plausibility. Ordinarily one has no duty to look after the safety of another who has become voluntarily intoxicated and thus limited his ability to protect himself. But that absence of duty ended when Officer Robinson took Benally into custody. It then became his obligation to measure up to the standard of conduct which the law almost universally imposes: that of using the degree of care and caution which an ordinary reasonable and prudent person would use under the circumstances.[2] The deceased was entitled to have degree of care observed in his behalf, even though he was drunk. As is sometimes said, "A drunk man is as much entitled to a safe sidewalk as a sober one,

and is a great deal more in need of it."[3] Accordingly, it was error for the court to instruct to the effect that the extent of the officer's duty was to refrain from intentional injury to the deceased and to refuse to instruct upon his full duty to exercise reasonable care for his safety.

The judgment is affirmed as to the defendants Edmunds and Duncan; and as to defendant Robinson it is reversed and remanded for a new trial. No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

2. For an excellent and accurate statement of an officer's duty to a prisoner in his custody, see Thomas v. Williams,

105 Ga.App. 321, 124 S.E.2d 409; 38 Am.Jur. Negligence Secs. 17 and 29.

3. Cf. Robinson v. Pioche, 5 Cal. 460.