Allen S. CORNWALL, Jr., a minor, by and through his guardian ad litem, Allen S. Cornwall, Sr., and Allen S. Cornwall, Sr., individually, Plaintiffs and Appellants,

v.

Delmar F. LARSEN, Salt Lake County Sheriff, Owen Richard Andrus, Salt Lake County, a political subdivision of the State of Utah, Jerilyn Anderson and James Anderson, Defendants and Respondents.

No. 14771.

Supreme Court of Utah.

Oct. 20, 1977.

Gordon A. Madsen, Robert C. Cummings, Salt Lake City, for plaintiffs and appellants.

Scott Daniels, Allan L. Larson, Merlin R. Lybbert of Snow, Christensen & Martineau, Stephen G. Morgan, Salt Lake City, for defendants and respondents.

HALL, Justice:

This case involves an action for personal injuries sustained by a minor as a result of

a collision between the car in which he was riding and one driven by Owen Richard Andrus, a deputy sheriff. Delmar F. Larsen is the duly elected and qualified sheriff for whom Andrus serves as a deputy and Salt Lake County is the political entity they jointly serve. The other named defendants are not concerned with this appeal.

The collision occurred on August 12, 1974, at a time when Andrus, in the course of his official duties, was responding to an emergency situation by traveling to the scene thereof by car without utilizing audible or visible emergency devices which plaintiff alleges was reckless, wilful, unlawful, and in excess of his authority.[1] It is conceded for the purpose of this appeal that Andrus was negligent.

Plaintiffs, through counsel, timely filed a claim with Salt Lake County and thereafter commenced an action against the sheriff and his deputy by filing a complaint. A subsequent amendment thereto added Salt Lake County as a defendant.

The court below, on its own motion, dismissed as to Larsen and Andrus by order of June 4, 1976, and summary judgment was granted in favor of Salt Lake County on September 1, 1976, hence this appeal.

Suits against political subdivisions of the State of Utah are governed by statute[2] which requires a claim to be filed with the appropriate governmental entity and if not approved or denied within 90 days thereafter the same is deemed denied.[3] The statute further provides that if the claim is denied, an action must be commenced within one year thereafter.

■ In this instance the claim was filed October 11, 1974, and was not approved or denied formally so was deemed denied by operation of the statute on January 9, 1975. The action was not filed until February 10, 1976, and was, therefore, not commenced in time. The basic rule governing such matters is stated in *Hamilton v. Salt Lake City*[4] as follows:

> The right to recover damages is statutory, it can only be availed of when there has been a compliance with the conditions upon which the right is conferred. [citation omitted] Where a right is purely statutory and is granted upon conditions, one who seeks to enforce the right must by allegation and proof bring himself within the conditions. [citation omitted]

In an action against a school district after the enactment of the Governmental Immunity Act[5] where immunity from suit was waived, this Court, in the case of *Scarborough v. Granite School District*,[6] held:

> The School District is a political subdivision of the state. Therefore it would normally be immune from suit; and the right to sue is an exception created by statute. We have consistently held that where a cause of action is based upon a statute, full compliance with its requirements is a condition precedent to the right to maintain a suit.

■ The appellants' claim that an insurance adjuster for the county lulled them into a false sense of security by requesting medical information regarding the physical condition of the minor appellant. The affidavit of counsel for appellants states that the information was sent while the affidavit of the adjuster states that it was never received although twice requested, and that a statement was included in the request to the effect that all defenses would be claimed. If this dispute were material, it would prevent a summary judgment in this case. The trial court did not receive the affidavits until after the motion for summary judgment was heard.

---

1. U.C.A.1953, 41–6–14, exempts authorized emergency vehicles from the usual standard of operation required of vehicles generally when in response to an emergency call an audible warning device is activated.

2. U.C.A.1953, 63–30–15.

3. U.C.A.1953, 63–30–11 and 14.

4. 99 Utah 362, 106 P.2d 1028 (1940).

5. Chapter 139, Laws of Utah, 1965; U.C.A. 1953, 63–30–1, et seq.

6. Utah, 531 P.2d 480 (1975).

The appellant relies upon the case of *Rice v. Granite School District*[7] which held that a lay person might be so deceived by the conduct of an insurance adjuster as to create an estoppel on the part of the school district from raising the matter of late filing of the complaint. The instant matter differs from the *Rice* case. There the plaintiff was not represented by counsel and late filing was alleged to be excusable by the actions and conduct of the adjuster which gave rise to a genuine issue of material fact to be determined by the trial court. In the present case, the plaintiff had counsel who had timely filed the claim and who was well acquainted with the statute which provided that a complaint must be filed within one year after a claim is denied. The actions of the adjuster under those circumstances were not such as would warrant a conclusion that the clear mandate of the statute need not be followed.

Turning now to the dismissal as to Larsen and Andrus, respondent relies substantially upon the case of *Sheffield v. Turner*,[8] however, it is distinguishable on the facts. In that case the Court addressed itself to the general principles of sovereign immunity as applied to the warden of the Utah State Prison in the performance of *discretionary* acts. His employees were allegedly negligent in failing to restrain an inmate from committing violent acts upon a fellow inmate. The suit was against the warden and not an *employee*. The holding there was that if the warden did err in determining how inmates should be handled, that in the absence of bad faith or a wilful or malicious wrongful act, such was merely an error in discretion for which he was entitled to immunity from suit.[9]

In this case, the defendant Andrus was an *employee*, performing a *ministerial* act and not a discretionary act, and since no evidence was taken in the case, the allegation of negligence in the pleadings must be taken as true for purposes here, and in fact the pleadings, as amended, go further to allege in the second cause of action that his acts in driving an emergency vehicle were wilful, unlawful, and in excess of his authority.[10] Such appears to meet the criteria of wilfulness set forth in *Sheffield v. Turner*, supra.

The case of *Bowman v. Hayward*[11] is supportive of appellants' position and is viable authority for the proposition that a sheriff and his deputy are liable in damages for their wrongful acts while acting within the scope of their authority. Also, the case of *Benally v. Robinson*[12] clearly holds that a policeman is liable for his own negligence and the trial court was reversed when it refused to allow the jury to consider the question of *negligence* requiring instead their consideration of an *intentional* tort.

The Utah Governmental Immunity Act[13] applies only to entities and does not include individuals (employees) and such was noted by the court in *Sheffield v. Turner*, supra, and the Act contains no language exempting employees from suit. It only insulates an employee by barring any action against him after judgment is had and obtained against the entity[14] and if no judgment is obtained against the entity, it follows that an aggrieved party may proceed against an employee thereof. Such legislative intent is clearly expressed in that portion of Act[15] which allows the entity to *insure* its employees against liability for their negligent acts.

7.  23 Utah 2d 22, 456 P.2d 159 (1969).

8.  21 Utah 2d 314, 445 P.2d 367 (1968).

9.  A number of cases are cited in the *Sheffield v. Turner* case supporting this general rule of sovereign immunity but none appear to involve an *employee* defendant as distinguished from a state or political subdivision thereof, or a public official.

10. See footnote 1 above.

11. 1 Utah 2d 131, 262 P.2d 957 (1953).

12. 14 Utah 2d 6, 376 P.2d 388 (1962).

13. U.C.A.1953, 63–30–1, et seq.

14. See U.C.A.1953, 63–30–20.

15. U.C.A.1953, 63–30–33.

The trial court's summary judgment in favor of Salt Lake County is affirmed, but the order of dismissal as to Larsen and Andrus is vacated, set aside, and the matter is remanded for the purpose of resolving those issues of fact raised by the pleadings such as, but not necessarily limited to, the negligence if any, of the respective parties.[16]   Costs to appellants.

ELLETT, Chief Justice (concurring with explanation).

The question of negligence of a police officer driving a motor vehicle in the scope of official duty is to be determined from the provisions of Article 2, Title 41, Chapter 6, U.C.A.1953, Replacement Volume 5A.  That article relates to traffic regulations and penalties for violations thereof.

Section 41–6–14 provides "authorized emergency vehicles shall be exempt from the driving restrictions imposed under sections   .   .   ." wherein specific regulations are set forth.  Subsection (a)(2) of Section 14 provides that the exemptions apply to emergency vehicles when audible signals are given as reasonably necessary and when the vehicle is equipped with at least one lighted red light, etc.  The section then provides that a police vehicle need not be equipped with, or display, a red light.

The driver of a police car is thus excused from the penalties provided for the violation of the named exemptions when he sounds the signal "as may be reasonably necessary."  He is under no obligation to display a red light in order to come within the exclusion.

In this case there is no charge made against the officer for the violation of any law.  If there were, then the question could be raised as to whether or not it was reasonable to give the audible signal.

What this case is about is whether the officer is liable in a civil action to the plaintiff.  Subsection (b) of Section 41–6–14

is the critical one to be examined.  It provides: "The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, .   .   .   ." The driver of a police car, thus, *is* liable in a civil action for a failure to drive with due regard for the safety of others.

CROCKETT, Justice (concurring, but with exception).

I concur in affirming the dismissal as to Salt Lake County.  But in regard to the remand for further proceedings as to defendants Larsen and Andrus make the following comments:

I respectfully disagree with the statement that the governmental immunity act "applies only to entities and does not include individuals."  I know of no entity that can act otherwise than through individuals, i. e., officials, officers, or employees.  If the public official is immune in performing his official duties, and the employee performing the duty for him is not immune, the unfairness and deprivation of equal protection of the laws is obvious.  Sparing any further exposition as to the harmful effects such a rule would have on governmental operations and personnel, I think that the proposition which is sound in policy and in conformity with law and justice is:  that so long as a public official, or his subordinate, or his employee, is acting honestly and in good faith within the scope of his authority in performing his public duties, he is entitled to the protection of sovereign immunity, unless he is guilty of some conduct which transcends such good faith performance of his duty, by a wilful or malicious act, which he knows or should know would likely result in injury.[1]  This is subject only to exceptions expressly provided by statute.  I see nothing in *Sheffield v. Turner* (footnote 8 main opinion) inconsistent with that position.

16.  See *Jensen v. Taylor,* 2 Utah 2d 196, 271 P.2d 838 (1954) on the issue of negligence in the operation of an emergency vehicle and the interpretation of Section 41–6–14 referred to in note 1 above.

1.  See discussion of pros and cons on this subject in Prosser, Law of Torts 4th ed., Chap. 26, Sec. 131 and 132.

However, I also concur with the observations of Chief Justice Ellett in his concurring opinion that the statutory provisions he refers to appear to be applicable to this particular case and impose upon the driver of a police vehicle the duty to exercise reasonable care under the circumstances for the safety of others.

WILKINS, Justice (concurring with comments).

I concur with the conclusion reached in the majority opinion. However, I add these comments. All statutory references are to Utah Code Annotated, 1953, as amended.

Traditionally, governmental entities, as the sovereign, were immune from suit and a plaintiff who was injured had to resort to taking action against the negligent employee of the sovereign.[1] Individuals who were employed by a governmental entity did not enjoy immunity from their own torts, and were traditionally liable for their own negligence except under certain circumstances.[2] It must be kept in mind that Chapter 30 of Title 63, is a waiver act. This act does not create immunity for governmental entities or individual tort-feasors. It rather waives the pre-existing immunity in certain instances which the governmental entity had, and provides a short limitation period within which to commence action against the government. Where the individual had no immunity prior to the Governmental Immunity Act, the act does nothing to change his liability.

Defendants here argue that with the enactment of the Indemnification of Public Officers and Employees Act, Chapter 48 of Title 63 (enacted 1974), plaintiffs are now subject to the short limitation period provided for in Chapter 30, whether action is brought against the governmental entity or against its officers or employees. Their reasoning is that the governmental entity's immunity is rendered meaningless if plaintiffs, though tardy in bringing action against the entity, may still bring action against the individual employee under the lengthier limitation period, and the individual employee may, under Chapter 48 of Title 63, by timely demand, compel the governmental entity to conduct his defense against the claim, and also to pay any resulting judgment against him. However, the Indemnification Act does not alter the Governmental Immunity Act. The express language of Sec. 63–48–7 is:

> . . . Nothing contained in this act is intended to be in derogation of or to alter provisions of the governmental immunity act of this state *or to create any individual liability or immunity for one's acts contrary thereto.* [Emphasis added.]

Plaintiffs' complaint against Salt Lake County was not filed within the limitation period set forth in Sec. 63–30–15 but it was timely filed against Sheriff Larsen and Andrus and these plaintiffs therefore should be permitted to pursue their course of action against these individuals. I see no legal reason for enlarging the umbrella of sovereign immunity to cover individuals who never had such immunity simply because the legislature has seen fit to relax the immunity which the governmental entity had traditionally.

This may be a pyrrhic victory for Salt Lake County but the result, in my opinion, is inescapable.

MAUGHAN, J., concurs with WILKINS', J., concurring opinion.

---

1. 57 Am.Jur.2d, Municipal, School and State Tort Liability, § 97.

2. See 63 Am.Jur.2d, Public Officers and Employees, §§ 287–289.