**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CORNELIUS E. PEOPLES,

Plaintiff - Appellant,

v.

CCA DETENTION CENTERS; FRED
LAWRENCE, Warden; ROGER
MOORE, Sr., Assistant Warden;
JAMES PERRY, Chief of Security;
JAY FOSKETT, Captain of Security;
CORRECTIONS CORPORATION OF
AMERICA; ANDRE FORD, Chief of
Security; JACQUELYN BANKS,
Assistant Warden; BRUCE
ROBERTS, Lieutenant Classification
Personnel; GARY FULLER, Legal
Services for Prisoners,

Defendants - Appellees.

Nos. 04-3071 & 04-3124

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. Nos. 03-CV-3129-KHV, 02-CV-3298-CM)**

---

Cornelius E. Peoples, pro se, in 04-3124.

Amanda H. Frost, (Brian Wolfman, with her on the briefs), Public Citizen
Litigation Group, Washington, D.C., for Plaintiff-Appellant in No. 04-3071.

Michael P. Crow (Martha Burnett Crow, with him on the briefs), Crow, Clothier

& Bates, Leavenworth, Kansas, for Defendants-Appellees in Nos. 04-3071 & 04-3124.

---

Before **TACHA**, Chief Circuit Judge, **BALDOCK** and **EBEL**, Senior Circuit Judges, **KELLY**, **HENRY**, **BRISCOE**, **LUCERO**, **MURPHY**, **HARTZ**, **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

**PER CURIAM**.

These matters are before us following the court's grant of rehearing en banc. Cornelius E. Peoples originally filed two separate complaints for damages pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In those matters, he alleged his constitutional rights were violated during his pretrial detention at a privately run prison under contract with the United States Marshals Service. Both district courts denied relief. *See Peoples v. CCA Detention Ctr.*, 2004 WL 2278667 (D.Kan. Mar. 26, 2004)(*Peoples II*); *Peoples v. CCA Detention Ctr.*, 2004 WL 74317 (D.Kan. Jan. 15, 2004)(*Peoples I)*. They did so, however, on different grounds.

In *Peoples I*, the district court dismissed the complaint for lack of subject matter jurisdiction. *See Peoples v. CCA Detention Ctr.*, 2004 WL 74317 at \*7. In *Peoples II*, the court took jurisdiction over the *Bivens* claims but ultimately dismissed the lawsuit for failure to state a claim upon which relief could be granted pursuant to Fed.. R. Civ. P. 12(b)(6). *Peoples v. CCA Detention Ctr.*, 2004 WL 2278667 at \*7. A panel of this court affirmed the judgments denying

relief. In doing so, however, it determined both district courts had the requisite subject matter jurisdiction to consider Mr. Peoples' claims. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1096 (10th Cir. 2005). The panel was divided on the issue whether Mr. Peoples could maintain an action against the individual defendants, all of whom were employees of Corrections Corporation of America. *Id.* at 1108. We subsequently granted rehearing en banc, and in accordance with our local rule, the judgment was vacated, the mandate stayed, and the cases were restored as pending appeals. 10th Cir. R. 35.6. The court did not vacate the panel opinion. *See id.* (noting that the "panel decision is not vacated unless the court so orders.").

On this rehearing, we have determined unanimously that the district courts had subject matter jurisdiction over these claims. Accordingly, that portion of the panel decision stands, and the district court judgment in *Peoples I* is reversed with respect to that issue. *See Peoples*, 422 F.3d at 1095–96. We are evenly divided, however, for substantially the same reasons as are set forth in the panel's majority and dissenting opinions, on the question whether a *Bivens* action is available against employees of a privately-operated prison. Because there is no majority on the en banc panel, the district court's ruling in *Peoples II* on this issue is affirmed by an equally divided court. *See Zuni Pub. Sch. Dist. No. 89 v. U.S. Dept. of Ed.*, 437 F.3d 1289 (10th Cir. 2006); *United States v. Rivera*, 874 F.2d 754 (10th Cir. 1989). That portion of the original panel opinion addressing

-3-

this issue is, therefore, vacated and lacks precedential value.  *See Peoples*, 422 F.3d at 1096–1108.

As a consequence of our conclusions, the judgment in appeal number 04-3071, *Peoples I*, is REVERSED, and that matter is remanded to the United States District Court for the District of Kansas with instructions to conduct additional proceedings in light of our opinion regarding the court's subject matter jurisdiction.  For the reasons stated, the judgment of the United States District Court for the District of Kansas in appeal number 04-3124, *Peoples II*, is AFFIRMED.