**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Anthony RIVERA, Defendant–Appellant.**

**Nos. 85–1768, 85–1771.**

United States Court of Appeals, Tenth Circuit.

May 19, 1989.

Opinion of the Court on Rehearing En Banc; Frank H. Seay—J.

Before HOLLOWAY, Chief Judge, MCKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, and EBEL, Circuit Judges.

PER CURIAM.

This case was originally decided by a panel of this court, *United States v. Rivera,* 837 F.2d 906 (10th Cir.1988). We subsequently granted rehearing *en banc* limited to the issue of:

whether the Sixth Amendment and Due Process Clauses of the United States Constitution require that an indictment charging a continuing criminal enterprise must allege all offenses to be used at trial, thus showing that facts concerning such offenses were presented to the grand jury, in order for evidence of such offenses to be admissible at trial.

*United States v. Rivera,* 847 F.2d 660 (10th Cir.1988).

After oral argument before the *en banc* court, on September 18, 1988, we ordered supplemental briefing which directed the parties, among other things, to address an additional question stated as follows:

3. Is it sufficient for an indictment that charges a violation of 21 U.S.C. § 848 simply to allege in the language of the statute "a continuing series of violations," or do the 5th and 6th Amendments of the United States Constitution (including the right to indictment clause of the 5th Amendment) require the indictment to describe the essential facts constituting each violation relied

upon to establish the series of violations?

Following full consideration, the *en banc* court was evenly divided on the question as stated in paragraph 3 of the court's September 18, 1988 Order Requesting Supplemental Briefing.

Thus, we next considered the narrower, original question of whether the trial court properly admitted into evidence uncharged offenses as substantive proof of the continuing series element of the continuing criminal enterprise charge. *See* 847 F.2d at 660. Again, after full consideration, the *en banc* court was evenly divided on the question of whether this indictment would support the introduction of evidence of uncharged offenses in order to prove the predicate offenses. Therefore, on this issue, the trial court is affirmed by an equally divided court. Accordingly, our judgment on this issue, found at 837 F.2d 914–921 (headnotes 6–20), is without precedent and is not binding on the trial court in this case. *Eaton v. Price*, 364 U.S. 263, 80 S.Ct. 1463, 4 L.Ed.2d 1708 (1960). The panel opinion otherwise remains undisturbed by the *en banc* court.