925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ancel James HOLLAND, a/k/a Tucky, a/k/a Tuckie, a/k/a
Shorty, Defendant-Appellant.
 No. 90-6409.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1991.
Decided Feb. 7, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-80-232-S; CA-90-2375-S)
 Ancel James Holland, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ancel James Holland appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255 and dismissing the action under Rule 4(b) of the Rules Governing Sec. 2255 Cases. We affirm.
 
 
 2
 Holland was convicted by a jury in 1980 of various drug related charges including a violation of 21 U.S.C. Sec. 848, operating a continuing criminal enterprise ("CCE"). His conviction was affirmed by this Court on direct appeal. United States v. Holland, No. 81-5028 (4th Cir. Feb. 19, 1982) (unpublished), cert. denied, 459 U.S. 844 (1982). A previous motion under Sec. 2255 by Holland was denied by the district court and the denial affirmed on appeal. United States v. Holland, No. 88-7788 (4th Cir. Nov. 6, 1989) (unpublished). Holland subsequently filed the present action which raises a single issue, whether erroneous instructions to the jury concerning the ability of certain counts in the indictment to serve as predicate offenses require the overturning of the CCE conviction. The district court held that the present action attempts to relitigate issues already addressed in the previous litigation and dismissed it summarily. Holland noticed a timely appeal.
 
 
 3
 The district court is correct that Holland raised precisely this issue in the previously decided Sec. 2255 action. Holland is also correct that this contention was not explicitly addressed in either our opinion or the district court's opinion in the previous action. We therefore set out here the reasons why Holland's contention lacks merit.
 
 
 4
 To obtain a conviction under 21 U.S.C. Sec. 848 for operating a continuing criminal enterprise the government must show (1) a felony violation of the federal narcotics laws (2) as part of a continuing series of violations (3) in concert with five or more persons, (4) for whom the defendant is an organizer or supervisor, and (5) the defendant derived substantial income or resources from the enterprise. United States v. Lurz, 666 F.2d 69, 75 (4th Cir.1981), cert. denied, 455 U.S. 1005, 457 U.S. 1136, 459 U.S. 843 (1982). In the present action Holland challenges the finding in his case regarding the requisite continuing series of violations.
 
 
 5
 At Holland's trial the judge instructed the jury that they could consider any of the substantive counts in the superseding indictment, counts 2-21, in determining whether Holland was guilty on the CCE count.* Counts 2-11, 14, and 17-20, alleged violations of Sec. 841(a)(1) by members of the conspiracy other than Ancel Holland. Count 12 alleged a violation of 18 U.S.C. Sec. 1952(a)(3) (the Travel Act) by Ancel Holland. Counts 13, 15, and 16 alleged violations of 21 U.S.C. Sec. 843(b) and (c) (use of telephone in furtherance of a drug related felony) by members of the conspiracy other than Ancel Holland. Holland argues that it was error to instruct the jury that in deciding the CCE count they could consider overt act # 4 in Count 1, and Count 12, both of which alleged Travel Act violations. He also objects to the use of count 21 on which a judgment of acquittal was directed. These errors, he contends, require reversal of his conviction because it cannot be determined that the jury did not rely on these elements in finding the continuing series of violations.
 
 
 6
 The "continuing series" language has been interpreted to require a showing of at least three offenses. United States v. Ricks, 802 F.2d 731, 737 (4th Cir.) (en banc ), cert. denied, 479 U.S. 1009 (1986). The government need not obtain or show convictions, it must only show that violations of the federal drug laws occurred. United States v. Markowski, 772 F.2d 358, 361 (7th Cir.1985), cert. denied, 475 U.S. 1018 (1986); United States v. Young, 745 F.2d 733, 747 (2d Cir.1984), cert. denied, 470 U.S. 1084 (1985). Since the underlying basis for a CCE conviction is the defendant's role as the leader of a conspiratorial enterprise, a defendant may be convicted under the CCE statute even though the predicate offenses were actually committed by other members of the conspiracy and not by him. United States v. Jones, 763 F.2d 518, 524-25 (2d Cir.), cert. denied, 474 U.S. 981 (1985). Additionally, though a defendant may not be sentenced on the basis of both a conspiracy conviction and a CCE conviction, a conspiracy count and the acts found to be part of the conspiracy may be used to establish the continuing series. Ricks, 802 F.2d at 737.
 
 
 7
 Holland is correct that the Travel Act violations cannot serve as predicate offenses for the CCE count. See United States v. Webster, 639 F.2d 174 (4th Cir.), cert. denied, 454 U.S. 857 (1981), modified on other grounds, 669 F.2d 185 (4th Cir.), cert. denied, 456 U.S. 935 (1982). Despite Holland's contentions to the contrary, however, the judge's erroneous instruction to the jury is not fatal to the conviction. If an appellate court determines that one of the charged offenses was not properly before the jury as to the CCE count, "it is free to search the record for another offense to take its place." United States v. Rivera, 837 F.2d 906, 919 (10th Cir.1988), aff'd by equally divided court on reh'g in part, 874 F.2d 754 (10th Cir.1989).
 
 
 8
 In Webster, this Court faced a claim identical to Holland's. Webster claimed that the court's instruction to the jury that they could consider Travel Act violations as predicate offenses was error requiring reversal. We held that even assuming the charge constituted plain error, it was harmless; the jury had convicted Webster of numerous other counts which were valid predicate offenses and thus "a plenitude of counts remain[ed] to support Webster's conviction under Sec. 848." Webster, 639 F.2d at 181.
 
 
 9
 An appellate court may look to the entire record to determine whether the government has shown the requisite three offenses. In the present case the evidence was more than adequate. The testimony of Holland's brother, combined with the offenses shown in the other valid counts of the indictment, demonstrated between thirty and fifty violations of the federal drug laws. As noted above, these offenses need not have resulted in convictions nor need they have been physically committed by Holland to serve as valid predicates for the CCE count.
 
 
 10
 Holland argues that Boyde v. California, 58 U.S.L.W. 4301 (U.S.1990), nonetheless requires reversal. In Boyde the Court restated the rule that "[i]n some instances ... 'when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside.' " Boyde, 58 U.S.L.W. at 4304, quoting Leary v. United States, 395 U.S. 6, 31-32 (1962). The rule restated in Boyde is not, however, a blanket rule requiring reversal in every case. Where by "careful scrutiny" a reviewing court can determine that the jury did not rely upon the improper theory then the verdict may be upheld. United States v. Alexander, 748 F.2d 185, 189 (4th Cir.1984), cert. denied, 472 U.S. 1027 (1985). See also United States v. Walker, 677 F.2d 1014, 1016 n. 2 (4th Cir.1982).
 
 
 11
 For Holland to prevail we would have to find that the jury discounted all but one or two of the thirty to fifty offenses shown and instead relied almost entirely upon the Travel Act violations. This is improbable at best. Upon the present record we can conclude, with a high degree of probability, that the verdict is sound. A plenitude of other offenses supported a valid conviction.
 
 
 12
 Holland candidly admits that the present motion raises an issue that has been addressed in a previous motion; his complaint is that he does not believe the claim to have been adequately resolved. He also acknowledges that Boyde does not state any new law but rather restates a familiar rule. In light of these admissions and the fact that his claim lacks merit, the district court could properly have dismissed this action under Rule 9(b) as being successive. Consequently the court's dismissal under Rule 4(b) was not an abuse of discretion.
 
 
 13
 For the foregoing reasons we affirm the decision of the district court. We deny appellant's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The judge also instructed the jury that they could consider the overt acts alleged in Count 1, the conspiracy count