41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl D. EMMONS, Defendant-Appellant.
 No. 94-3057.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1994.
 
 Before MOORE, REAVLEY* and ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT**
 REAVLEY, Circuit Judge.
 
 
 1
 Defendant Daryl Emmons appeals his convictions of conspiracy to manufacture marijuana in violation of 21 U.S.C. Sec. 846 and possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 BACKGROUND
 
 2
 This case began in the spring of 1992 when an informant told Drug Enforcement Agency (DEA) agents that Jack Rivard was growing marijuana. Agents entered the land near Rivard's residence and other land near the homes of Daryl Emmons and Roger Emmons. The agents found cultivated marijuana plants on each property. The residences of Roger Emmons and Rivard were in Greenwood County, Kansas. The residence of Daryl Emmons was near Latham, Kansas. The officers later obtained a search warrant for the residence of Daryl Emmons and seized various items used in growing marijuana.
 
 
 3
 On October 21, 1991, Daryl Emmons was indicted on various counts relating to production of marijuana, along with Roger Emmons and Rivard. That indictment related only to marijuana grown in Greenwood County.[1] The trial resulted in Daryl Emmons' convictions of conspiracy to manufacture marijuana and possession with intent to distribute.
 
 DISCUSSION
 
 4
 A. Failure to Provide 404(b) Limiting Instruction
 
 
 5
 At trial, the district court admitted evidence of the marijuana plants found near Latham, Kansas which were not the subject of the indictment in this case. The district court also admitted items seized from Daryl Emmons' home, including outdated catalogues for purchasing marijuana seeds and a ledger relating to growing activities in 1987 and 1988. Additionally, the court admitted tape recordings of a conversation in which Daryl Emmons discussed the possibility that he might purchase cocaine and marijuana for resale.
 
 
 6
 Daryl Emmons contends that this evidence related to other bad acts and so could only be admitted under Federal Rules of Evidence 404(b) with an instruction from the district court limiting consideration of the evidence to permissible purposes. Fed.R.Evid. 404(b); see United States v. Rivera, 837 F.2d 906, 913 (10th Cir.1988), rev'd on other grounds on reh'g, 874 F.2d 754 (10th Cir.1989), overturned, 900 F.2d 1462 (10th Cir.1990) (court permitting 404(b) evidence must give limiting instruction at the time the evidence is admitted and in the general charge). Emmons claims that the district court erred by failing to give limiting instructions on this evidence as requested.
 
 
 7
 Rule 404(b) and the accompanying limiting instruction requirement do not apply here, because the evidence at issue is related to the criminal offense for which Daryl Emmons is charged. Rule 404(b) only applies to evidence of acts "extrinsic to the charged crime." United States v. Record, 873 F.2d 1363, 1372 n. 5 (10th Cir.1989).
 
 
 8
 Emmons was involved in a largescale marijuana operation which took place over a period of years. Evidence in the record shows that Daryl Emmons coordinated growth of marijuana in different fields each year to avoid detection and involved various persons to tend the crops. Record at vol. II, 40-41. The production of marijuana by Rivard and Roger Emmons in Greenwood County, which resulted in the indictment in this case, was just one segment of the illegal activity. The ledger, catalogues, and evidence of other marijuana operations show Emmons' significant and continuing involvement in efforts to produce large amounts of marijuana for sale. It was relevant for the jury to understand Daryl Emmons' activities in order that they might evaluate evidence connecting him to the Greenwood County operation. The evidence at issue was thus "inextricably intertwined" with the Greenwood County marijuana production and so did not constitute Rule 404(b) evidence. United States v. Oles, 994 F.2d 1519, 1522 (10th Cir.1993).
 
 
 9
 The district court admitted most of the evidence at issue under Rule 404(b), stating that it showed intent or knowledge. The fact that the district court initially admitted the evidence under Rule 404(b) does not necessarily subject the evidence to that rule's limitations. After hearing the entire case, the district court properly concluded that the evidence was not extrinsic, in its memorandum and order denying defendants' motion for a new trial. The failure to give a requested limiting instruction when the evidence was admitted was not reversible error, because in the end no such instruction was necessary. Jurors were not confused by competing instructions; they received no instruction at all as to this evidence.
 
 B. Right to a Speedy Trial
 
 10
 Daryl Emmons alleges a violation of the Speedy Trial Act. The Speedy Trial Act provides that a defendant must be tried within 70 days from the filing of the indictment or from the date the defendant appears before a judicial officer. 18 U.S.C. Sec. 3161(c)(1). The 70-day period began to run for Daryl Emmons on October 28, 1992, the date of his arraignment. Trial against him was not commenced until March 16, 1993. Emmons concedes that a delay from December 28, 1992 until March 2, 1993 should be excluded from the 70-day period, because it resulted from the court's grant of a continuance, requested by defendants, to serve the ends of justice. 18 U.S.C. Sec. 3161(h)(8). Emmons does complain that, because of a second continuance granted by the court on March 2 (until March 16) upon request of the government, his trial was delayed beyond the 70-day period after arraignment.
 
 
 11
 The district court did not err in rejecting Emmons' motion to dismiss for denial of speedy trial on the basis of that second continuance. The continuance was a delay "resulting from the absence or unavailability of ... an essential witness," and so should be excluded from the 70-day period. 18 U.S.C. Sec. 3161(h)(3). The unavailable witness was a government informant who had participated in the investigation of the marijuana conspiracy. The court had held a hearing on charges that the defendants were threatening the witness and had subsequently been told that the witness had absconded. The district court understood the role the informant would play in the trial and had sufficient information upon which to decide that the witness was essential and could not be found, so as to require a continuance. Cf. United States v. McNeil, 911 F.2d 768, 773-74 (D.C.Cir.1990) (refusing to exclude continuance based upon unavailability of witness where court had "no information whatsoever" upon which to determine whether the witness was essential).
 
 C. Insufficiency of the Evidence
 
 12
 Daryl Emmons argues that the evidence was insufficient to support his convictions. Viewing the evidence in the light most favorable to the government, a reasonable jury could have found Daryl Emmons guilty beyond a reasonable doubt on both of the charges against him. Jackson v. Virginia, 443 U.S. 307 (1979). Together with evidence of the marijuana operations recited above, a government informant, who had been employed by Daryl Emmons, testified that Daryl sent him to Roger Emmons' property to prepare that property for the use of submersible pumps to be used in irrigation of marijuana crops. The witness testified that, as he worked, Roger told him that "they" were going to grow marijuana on the property. The witness testified that he understood that Roger referred to Daryl and himself. Other evidence shows that Daryl Emmons owned the Greenwood County property on which Roger Emmons lived and grew marijuana. With the evidence that Daryl had grown marijuana for years on various different properties, allowing others to actually tend the crops, there is sufficient evidence to support a conviction for conspiracy. The conviction for possession was based on the conspiracy, since Daryl Emmons did not personally possess the marijuana crops located on land in Greenwood County, which were the subject of the indictment. Since there is sufficient evidence to support the conspiracy conviction, the possession conviction also stands.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 On the same day, Daryl Emmons and others not involved in this case were charged with an entirely separate marijuana growing conspiracy. The second case involved marijuana found on the land near Daryl's home and on other properties owned by him near Latham, Kansas